**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **TIM WHATLEY AND SHEILA WHATLEY,** <br>    **Plaintiffs,** <br><br> **v.** <br><br> **GREAT LAKES INSURANCE SE, (F/K/A GREAT LAKES REINSURANCE (U.K.) SE) AND MCCLELLAND & HINE, INC.,** <br>    **Defendants.** | §§§§§§§§§§§§ | **CIVIL ACTION NO. 1:19-CV-00444** |

## NOTICE OF REMOVAL

Defendant, Great Lakes Insurance SE, formerly known as Great Lakes Reinsurance (U.K.) SE, ("Great Lakes"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### I.   BACKGROUND

1. On August 12, 2019, Plaintiffs Tim Whatley and Sheila Whatley ("Plaintiffs") filed this action in the 163rd Judicial District Court of Orange County, Texas, bearing Cause No. B190308-C (the "State Court Action"), against Great Lakes Insurance SE, formerly known as Great Lakes Reinsurance (U.K.) SE ("Great Lakes"), and McClelland and Hine, Inc. ("MHI"). Plaintiffs' Original Petition (the "Complaint") is the live pleading in this case. Plaintiffs have demanded a jury. (A copy of the Complaint is attached in accordance with 28 U.S.C. § 1446(a) as **Exhibit C-1**).

2. Great Lakes was served on August 22, 2019 via certified mail and appeared in the State Court Action on September 13, 2019. Therefore, this Notice of Removal of the State Court Action to the United States District Court is timely filed by Great Lakes, it being filed no more

Page **1** of **14**

than thirty days after service of Great Lakes, in accordance with 28 U.S.C. §§ 1441 and 1446.

## II.     BASIS FOR REMOVAL: DIVERSITY JURISDICTION

3.     Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiffs and the properly joined defendant Great Lakes, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.     There is complete diversity between Plaintiffs and the properly-joined defendant, Great Lakes.**

4.     Plaintiffs' State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332.

5.     Plaintiffs state in the Complaint that the property at issue, located at 510 N. Mayhaw Drive, Vidor, Orange County, Texas is Plaintiffs' residence.[1]  Therefore, Plaintiffs are citizens of Texas for purposes of diversity jurisdiction.

6.     Great Lakes is a foreign non-admitted surplus lines insurer engaged in the business of insurance in the State of Texas and is incorporated and has its principal place of business in Germany.  Therefore, Great Lakes is a citizen of Germany for purposes of diversity jurisdiction.

7.     Thus, there is complete diversity of citizenship between Plaintiffs and the properly joined defendant, Great Lakes.

**B.     MHI was improperly joined.**

8.     MHI, Great Lakes' managing general agent, was improperly joined, its citizenship should be disregarded, and it should be dismissed with prejudice.

### i.     *Standard of review*

---

[1] *See* Complaint, **Exhibit C-1** at p.2.

9.   As the removing party, Great Lakes bears the burden of showing that federal jurisdiction exists and removal is proper.[2]  Under Section 1441(b), while complete diversity of citizenship must exist between all plaintiffs and all defendants to establish federal subject matter jurisdiction, only the citizenship of *properly* joined parties can establish federal subject matter jurisdiction.[3]  The doctrine of improper joinder "prevents defeat of federal removal jurisdiction premised on diversity jurisdiction by an improperly joined, non-diverse defendant."[4]  Citizenship of an improperly joined defendant is disregarded entirely in determining whether complete diversity exists.[5]  "Normally, a court reviewing allegations of fraudulent joinder should refrain from conducting an evidentiary hearing but may utilize a summary judgment-like procedure."[6]  Indeed, if submitted, the court may consider affidavits and deposition testimony filed with a defendant's removal petition.[7]

10.   Improper joinder is established when the removing party meets the burden of showing either (1) there was actual fraud in pleading the jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law.[8]  In order to establish the second ground for improper joinder, the removing party bears the burden of proving that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[9]  The potential recovery "must be reasonable,

---

[2] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[3] 28 U.S.C. § 1441(b); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).
[4] *Borden v. Allstate Inc. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).
[5] *Smallwood*, 385 F.3d at 572.
[6] *Delgado v. Shell Oil Co.*, 231 F.3d 165, 179 (5th Cir. 2000) (citing *Burchett v. Cargill*, 48 F.3d 173, 176 (5th Cir. 1995)).
[7] *TAJ Properties, LLC v. GAB Robins North America, Inc.*, H-10-4134, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)).
[8] *Smallwood*, 385 F.3d at 572; *Cantor v. Wachovia Mortg., FSB*, 641 F.Supp.2d 602, 606 (N.D. Tex. 2009); *Rodriguez v. Casa Chapa S.A. de C.V.*, 394 F.Supp.2d 901, 905 (W.D. Tex. 2005).
[9] *Smallwood*, 385 F.3d at 572.

not merely theoretical."[10]  "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the Plaintiffs allegations and the pleaded theory of recovery."[11]

11.   As the Fifth Circuit held in *Int'l Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, federal courts should use the federal pleading standard when conducting the Rule 12(b)(6)-type analysis for an improper joinder claim to determine if the plaintiff has stated a claim against a non-diverse defendant.[12]  A plaintiff fails to state a claim on which relief may be granted as required under Rule 12(b)(6) when a plaintiff's factual allegations do not show a right to relief that is plausible and rises above mere speculation.[13]  "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[14]  To do so, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]  This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."[16]

12.   To avoid a dismissal for failure to state a claim, a plaintiff must plead *specific facts*, not mere conclusory allegations.[17]  The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[18]  The Court must not accept as true conclusory allegations or unwarranted deductions of fact.[19]  The United States Supreme Court has made clear that a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic

---

[10] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (emphasis added).
[11] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).
[12] *Smallwood*, 385 F.3d at 572.
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[14] *Id.*
[15] *Id.* at 678.
[16] *Id.*
[17] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1997)).
[18] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[19] *Collins*, 224 F.3d at 498.

recitation of the elements of a cause of action *will not do*."[20]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice," and something more than "unadorned 'the-defendant-unlawfully-harmed-me accusation' is needed."[21]

> ### ii. MHI was improperly joined because there is no reasonable basis for the Court to predict Plaintiffs might be able to recover against MHI.

13. Plaintiffs sued "Defendants" for alleged violation of Chapters 541 and 542 of the Texas Insurance Code. Plaintiffs contend their property suffered damage in the amount of $76,385 during Hurricane Harvey, and Defendants "failed to indemnify and compensate Plaintiffs for their costs of repair."[22] Plaintiffs then track the statutory language of various provisions of Chapters 541 and 542 of the Texas Insurance Code and allege the following:

- "Defendants and their representatives knowingly misrepresented to claimants pertinent facts or policy provisions relating to the coverage at issue", tracking Tex. Ins. Code § 541.060(a)(1);
- "Defendants and their representatives failed to acknowledge with reasonable promptness pertinent communications relating to the claim" tracking Tex. Ins. Code § 542.003(b)(2);
- "Defendants and their representatives failed to adopt and implement reasonable standards for the prompt investigation of the claim" tracking Tex. Ins. Code § 542.003(b)(3);
- "Defendants and their representatives failed to attempt in good faith, a prompt, fair and equitable settlement of the claim submitted in which liability has become clear" tracking Tex. Ins. Code § 542.003(b)(4);
- "Defendants and their representatives have compelled claimants to institute suit by offering substantially less than the amounts Plaintiffs will likely recover in suit" tracking Tex. Ins. Code § 542.003(5);
- "Defendants and their representatives have negligently or intentionally refused to pay the proper amount due under the policy."

14. <u>Plaintiffs make zero factual allegations, beyond conclusory assertions tracking the statutory language, regarding *any* alleged wrongdoing or misrepresentations by MHI.</u>  There is

---

[20] *Twombly*, 550 U.S. at 555 (emphasis added).
[21] *Iqbal*, 556 U.S. at 667.
[22] *See* Complaint, **Exhibit C-2** at p.2.

no reasonable basis to predict Plaintiffs might be able to recover on any of these claims against MHI; therefore MHI was improperly joined.

    a. **Plaintiffs' allegations against MHI fail to meet the heightened Rule 9(b) pleading standard.**

15. Plaintiffs fail to identify any specific facts regarding "the who, what, when, where, and how"[23] to support their conclusory allegations against MHI. Each of Plaintiffs' claims against MHI, therefore, fail to meet the heightened Rule 9(b) pleading standard, and, by extension, fail to state a claim upon which relief may be granted.

16. Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[24] "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."[25] As succinctly stated by the Fifth Circuit Court of Appeals, Rule 9(b) requires "the who, what, when, where, and how" of the alleged fraud to be pled.[26]

17. Courts have consistently held that Rule 9(b) applies to claims under the Texas Insurance Code.[27] For example, in *Z&W Enterprises*, the Southern District of Texas held the plaintiff's claims against the in-state adjuster defendants under the Texas Insurance Code were "sparse on particulars" and, thus, did not comply with the heightened pleading requirements of Rule 9(b).[28] Specifically, the Court held that "Plaintiff fails to state a claim under Section

---

[23] *Z&W Enterprises v. Great Lakes Reinsurance (UK) Plc, et al*, Case No. 7:16-CV-319, slip op. at 10 (S.D. Tex. Aug. 12, 2016).
[24] FED. R. CIV. P. 9(b).
[25] *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).
[26] *Id.* (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir.1997)).
[27] *Id.*
[28] *Z&W Enterprises v. Great Lakes Reinsurance (UK) Plc, et al*, Case No. 7:16-CV-319, slip op. at 10 (S.D. Tex. Aug. 12, 2016).

541.060(a)(1) against [the in-state adjuster defendants] because Plaintiff fails to allege any specific misrepresentation made by [the in-state adjuster defendants] about a material fact or policy provision relating to coverage under Plaintiff's policy."[29]

18. Similarly, in *DiNoto v. USAA Cas. Ins. Co.*, the Southern District of Texas held the insured's mere tracking of the Texas Insurance Code provisions was insufficient to meet the pleading requirements of Rule 9(b).[30] The insured in *DiNoto* failed to identify any specific alleged misrepresentations that the insurer made to the insured; therefore, the court dismissed the plaintiff's claims.[31]

19. Again, in *Spring St. Apts Waco, LLC v. Philadelphia Indem. Ins. Co.*, the Western District of Texas held that a plaintiff must allege "specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer."[32] The court found that the plaintiff's factual allegations were not pled with enough specificity to distinguish particular facts from legal conclusions.[33] Therefore, the court granted the defendants' motion for judgment on the pleadings as the plaintiffs failed to meet the heightened pleading requirement of Rule 9(b) for plaintiff's claims under the Texas Insurance Code.[34]

20. As set forth in the cases cited above, Plaintiffs' claims against MHI under the Texas Insurance Code are all subject to the heightened pleading requirements of Rule 9(b).[35]

---

[29] *Id.*
[30] *DiNoto v. USAA Cas. Ins. Co.*, No. CIV.A. H-13-2877, 2014 WL 4923975, at *2 (S.D. Tex. Sept. 30, 2014).
[31] *Id.*
[32] *Spring St. Apts Waco, LLC v. Philadelphia Indem. Ins. Co.*, W-16-CA-00315-JCM, 2017 WL 1289036, at *4 (W.D. Tex. Apr. 6, 2017).
[33] *Id.*
[34] *Id.* at *15 ("A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6).").
[35] *Id.* (applying Rule 9(b) to DTPA and Texas Insurance Code claims) (citing *Dalton v. State Farm Lloyd's, Inc.*, 2013 WL 3157532 (S.D. Tex. 2013); *Frith v. Guardian Life Ins. Co. of America*, 9 F.Supp.2d 734, 742–43 (S.D. Tex. 1998)); *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (citing *Patel v. Holiday*

Plaintiffs' conclusory allegations fail to meet this heightened pleading standard and must be dismissed. Plaintiffs fail to set forth *any* facts regarding "the who, what, when, where, and how" of its claims that MHI violated the Texas Insurance Code beyond their conclusory statements that only track the statutory provisions or common law fraud elements.

21. Federal courts in Texas have consistently held that "mere tracking of the vague language of the statutes fail to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster."[36] Plaintiffs' bare-bones, form pleadings in this case that simply parrot the vague language of various provisions of the Texas Insurance Code do not meet the heightened standard set forth in Rule 9(b). For example, Plaintiffs allege "Defendants and their representatives knowingly misrepresented to claimants pertinent facts or policy provisions relating to the coverage at issue", tracking Tex. Ins. Code § 541.060(a)(1); however, Plaintiffs fail to state what "pertinent facts or policy provisions" MHI allegedly misrepresented; they fail to allege any facts to support their contention that MHI acted knowingly; they fail to allege to what "coverage at issue" they are referring; and they fail to allege any details regarding the speaker of the purported misrepresentation. This highlights a small portion of the deficiencies in Plaintiffs' pleadings.

22. Therefore, there is no reasonable basis for the Court to predict Plaintiffs might be able to recover against MHI on any of their claims. In other words, MHI were improperly joined and its citizenship must be disregarded for purposes of federal subject matter jurisdiction.

---

*Hospitality Franchising, Inc.*, 172 F.Supp.2d 821, 824–25 (N.D. Tex. 2001) ("It is well-established that claims alleging violations of the DTPA are subject to the requirements of Rule 9(b).")).
[36] *TAJ Properties, LLC v. GAB Robins North America, Inc.*, H-10-4134, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (holding the plaintiffs' mere tracking of the vague language of the statutes fail to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster).

### b. Plaintiffs improperly lump "Defendants" together and provide no factual support demonstrating any actionable conduct specifically against MHI.

23. Plaintiffs bring causes of action and proffers vague allegations against "Defendants" collectively, making no distinction as to which, if any, of the allegations relate to MHI in particular. There is no way for MHI to discern from the Complaint which, if any, of Plaintiffs' claim and allegations are being asserted against MHI distinctly.

24. The Complaint provides absolutely no notice of the facts upon which Plaintiffs' claims against MHI are based as distinguished from Great Lakes. In fact, the Complaint is similar to the "form" petition held to be deficient in *TAJ Properties, LLC v. GAB Robins North America, Inc.*[37] In *TAJ Properties, LLC*, the court determined the plaintiff's failure to distinguish the conduct of an in-state defendant from that of the other defendants and the plaintiff's "mere tracking of the vague language of the statutes fails to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster."[38]

25. Similarly, in *Hay v. American Western Home Insurance Company*, the court held an in-state defendant was improperly joined where the plaintiff "fail[ed] to distinguish the alleged conduct of [the in-state defendant] from the conduct of the [diverse defendant]."[39] The court further stated: "[a]s Plaintiff's counsel is well aware, this practice of lumping diverse and non-diverse defendants together without distinguishing the basis for individual responsibility has been found insufficient on numerous occasions by the Fifth Circuit, this Court, and sister courts in this district."[40]

---

[37] *TAJ Properties, LLC v. GAB Robins North America, Inc.*, H-10-4134, 2011 WL 2162321, at *5 (S.D. Tex. June 2, 2011).
[38] *Id*.
[39] *Hay v. Western Home Ins. Co.*, No. 7:14-CV-522 (S.D. Tex. 2014).
[40] *Hay v. Western Home Ins. Co.*, No. 7:14-CV-522, slip op. (S.D. Tex. 2014) (citing *Griggs*, 181 F.3d at 699; *Gayton et al v. Great Lakes Reinsurance (UK) PLC et al*, No.7:14-CV-229 (S.D. Tex. July 3, 2014); *Castlebrook at Ridgeview Homeowners Ass'n v. Starr Surplus Lines Ins. Co.*, No. 4:12CV652, 2013 WL 949860, at *4 (E.D. Tex.

26. For these same reasons, MHI have been improperly joined as defendants in this action solely in an attempt to defeat diversity jurisdiction. Accordingly, MHI's citizenship can and should be disregarded.[41]

### c. MHI cannot be liable under Chapter 542, because it only applies to insurers.

27. The Prompt Payment of Claims Act under Chapter 542 of the Texas Insurance Code specifically limits recovery for violations of this section to <u>insurers</u>.[42] It cannot be disputed that MHI is not an insurer, and Plaintiffs make no allegation that MHI is an insurer in their Complaint. Rather, MHI is Great Lakes' managing general agent for the insurance claim at issue. Because MHI is not an insurer, it cannot be liable for alleged violations of Chapter 542.[43] Therefore, there is no reasonable basis for the Court to predict Plaintiffs might be able to recover against MHI on any of the following allegations, all of which track various provisions of Chapter 542:

- "Defendants and their representatives failed to acknowledge with reasonable promptness pertinent communications relating to the claim" tracking Tex. Ins. Code § 542.003(b)(2);
- "Defendants and their representatives failed to adopt and implement reasonable standards for the prompt investigation of the claim" tracking Tex. Ins. Code § 542.003(b)(3);
- "Defendants and their representatives failed to attempt in good faith, a prompt, fair and equitable settlement of the claim submitted in which liability has become clear" tracking Tex. Ins. Code § 542.003(b)(4);
- "Defendants and their representatives have compelled claimants to institute suit by offering substantially less than the amounts Plaintiffs will likely recover in suit" tracking Tex. Ins. Code § 542.003(5);
- "Defendants and their representatives have negligently or intentionally refused to

---

Jan. 30, 2013); *TAJ Properties, LLC v. GAB Robins N. Am., Inc.*, H-10-4134, 2011 WL 2162321, at *4-5 (S.D. Tex. June 2, 2011)).
[41] *Smallwood*, 385 F.3d at 576.
[42] Tex. Ins. Code § 542.060(a).
[43] *Messersmith*, 10 F. Supp. 3d at 723–24 ("[T]he Prompt Payment of Claims Act applies only to insurers. *See* Tex. Ins. Code § 542.060(a) (limiting the relevant law to insurers). [The adjuster] is not an insurer so she cannot be held liable under it.").

pay the proper amount due under the policy."

    **d.**  **Great Lakes accepted liability for MHI pursuant to Tex. Ins. Code § 542A.006(a) & (c).**

  28.  In its original answer filed in state court, Great Lakes made an election pursuant to Tex. Ins. Code § 542A.006(a), and agreed "to accept whatever liability, if any, Defendant McClelland and Hine, Inc. ("MHI") might have to Plaintiffs for any alleged acts or omissions related to the insurance claim at issue."[44] Section 542A.006(a) states, "in an action to which this chapter applies, an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant."[45] Tex. Ins. Code § 542A.006(c) further provides, **"[i]f a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice."**[46]

  29.  Chapter 542A applies to first-party claims such as this one that arise from damage allegedly caused by forces of nature including a hurricane.[47] Additionally, MHI falls within the definition of "agent" as set forth in Section 542.001(1): "'Agent' means an employee, agent, representative, or adjuster who performs any act on behalf of an insurer."[48]

  30.  Because Great Lakes made the election provided for under section 542A.006(a), no claim exists against MHI. Thus, MHI is improperly joined, and the Court should dismiss MHI with prejudice as required by Tex. Ins. Code § 542A.006(c).

**C.**  **The amount in controversy exceeds $75,000.**

---

[44] *See* Great Lake's Original Answer, ¶ 19.
[45] Tex. Ins. Code § 542A.006(a).
[46] *Id.* at § 542A.006(c) (emphasis added).
[47] *Id.* at § 542A.001(2).
[48] *Id.* at § 542A.001(1).

31. Diversity jurisdiction is proper if "it is facially apparent" from the Plaintiffs' complaint that their "claims are likely above [$75,000]."[49] Plaintiffs in this case allege that "costs of repair are estimated to be $76,385.00" for the damages caused by Hurricane Harvey.[50] Therefore, based on the value of relief sought by Plaintiffs in their Complaint, the amount in controversy exceeds $75,000, exclusive of interests and costs.

### III.  VENUE

32. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the 163rd Judicial District Court of Orange County, Texas, the forum in which the removed action was pending.

### IV.  ADDITIONAL REQUIREMENTS

33. Great Lakes has provided notice to Plaintiffs through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiff's counsel of record, and has also provided notice to the Clerk of Court for the 163rd Judicial District Court of Orange County, Texas through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the State Court Action.

34. Copies of pleadings, process, orders, and other filings in the State Court Action are attached to this notice as **Exhibit C** as required by 28 U.S.C. § 1446(a).[51]

35. Pursuant to Federal Rule of Civil Procedure 81 and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

| | |
|---|---|
| **Exhibit A**: | Listing of All Parties and Counsel of Record; |
| **Exhibit B**: | Civil Cover Sheet; |
| **Exhibit C**: | Index of Documents Filed in State Court Action; |
| **Exhibits C-1 - C-4**: | Copies of filings in State Court Action; and |

---

[49] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 639 (5th Cir. 2003) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995))).
[50] *See* Complaint, **Exhibit C-2** at p.3.
[51] *See* Exhibit C: Index of All Documents Filed in State Court Action.

**Exhibit D**: List of Action Being Removed.

WHEREFORE, Defendant Great Lakes Insurance SE prays that this matter be removed to the United States District Court for the Eastern District of Texas, Beaumont Division for further proceedings and disposition.

                                                  Respectfully submitted,

By: */s/ Valerie Henderson*
     **Eddy De Los Santos**
     Texas Bar No. 24040790
     **Valerie Henderson**
     Texas Bar No. 24078655
     **BAKER, DONELSON, BEARMAN,**
     **CALDWELL & BERKOWITZ. P.C.**
     1301 McKinney Street, Suite 3700
     Houston, Texas 77010
     (713) 650-9700 - Telephone
     (713) 650-9701 – Facsimile
     edelossantos@bakerdonelson.com
     vhenderson@bakerdonelson.com

     *Attorneys for Defendant Great Lakes Insurance SE*

**CERTIFICATE AND NOTICE OF FILING**

I certify that on September 20, 2019, the Notice of Removal was sent to the 163rd Judicial District Court of Orange County, Texas, and that written notice of filing of the Notice of Removal was served via electronic service upon the attorney of record for Plaintiff.

     */s/ Valerie Henderson*
     Valerie Henderson

## CERTIFICATE OF SERVICE

    I certify that on September 20, 2019, the foregoing Notice of Removal was served on counsel for Plaintiff via electronic service pursuant to the Federal Rules of Civil Procedure.

David Dies
Dies Law Offices
1703 Strickland Drive
Orange, Texas 77630
rherford@dieslaw.com

                                             */s/ Valerie Henderson*
                                             Valerie Henderson