**UNITED STATES DISTRICT COURT**  　　　　**EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| TIM WHATLEY | § | |
| and SHEILA WHATLEY, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:19-CV-444 |
| | § | |
| GREAT LAKES INSURANCE, SE, | § | |
| and MCCLELLAND & HINE, INC., | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING REPORT AND GRANTING SUMMARY JUDGMENT

The Court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration. On January 13, 2021, the magistrate judge issued his Report and Recommendation (#54), recommending that this court fully grant Defendant Great Lakes Insurance SE's Motion for Summary Judgment on Plaintiffs' breach of contract and violations of the Texas Deceptive Trade Practices Act and Insurance Code. On January 26, 2021, Plaintiffs filed their objections (#55) to the Report.

In accordance with 28 U.S.C. § 636(b), the Court conducted a *de novo* review of the magistrate judge's findings, the record, and the applicable law in this proceeding. After review, the Court finds that Judge Giblin's findings and recommendation should be accepted.

Plaintiffs present four objections to the Report regarding their breach of contract claim. *See* Objections (#55). First, Plaintiffs object "to the court's finding and recommendation that there is no genuine issue of material fact to support the damage to the roof and interior and interior of Plaintiffs' home was caused by the windstorm conditions of Hurricane Harvey." *Id.* at 1. Second, Plaintiffs "object to the court's finding and recommendation that there are no

genuine issues of fact to support the roof and interior home damage was caused by a covered peril." *Id.*  Third, Plaintiffs "object to the court's finding and recommendation that there are no genuine issues of fact supporting causation; that the damage was caused by water through an opening created by the direct force of wind and hail." *Id.* at 1–2.  Finally, "Plaintiffs object to the court's finding and recommendation that expert Lester Saucier's opinions on causation are speculation." *Id.*

Plaintiffs point to a myriad of record citations to support these contentions.  *Id.* at 3–7. Plaintiffs go on to state that Mr. Saucier's opinions are enough to overcome the evidence presented by Defendant.  *See id.* at 7–8.

The Court disagrees.  The record citations simply support the contention that the roof was damaged and that there was a hurricane.  The citations do not indicate that the hurricane directly caused the damage to the roof or show that the roof was not damaged prior Hurricane Harvey. Mr. Saucier stated he "assumed that the damage was done as a result of the hurricane." *Id.* at 4.  Mr. Saucier did not determine if the damage was a direct result of the hurricane, or separately, if the damage was a result of maintenance issues as Defendant's evidence shows. Instead, Mr. Saucier guesses "if they had a maintenance problem prior to the hurricane, it would have caused leaks." *Id.*  Without any evidence connecting the damage of the roof to the hurricane, the opinions of Mr. Saucier are speculative.  *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 228 (5th Cir. 2018) ("speculative opinion . . . cannot defeat a summary-judgment motion"); *see also Nino v. State Farm Lloyds*, No. 7:13-CV-318, 2014 U.S. Dist. LEXIS 163993, at *21–22, 2014 WL 6674418, *7 (S.D. Tex. Nov. 24, 2014).   Plaintiffs objections are overruled and Judge Giblin's analysis on this issue is correct.

2

Plaintiffs' objections regarding their breach of contract claims are relatedly overruled based on the lack of a genuine issue of material fact on the causation of damages to their property.  Plaintiffs do not specifically object to the magistrate judge's recommendation on their claims under the Texas Deceptive Trade Practices and Insurance Code.  The Court accordingly agrees with the magistrate judge's findings on these causes of action.

It is therefore ORDERED that the Report and Recommendation (#54) is ADOPTED. Accordingly, Defendant's Motion for Summary Judgment (#23) is GRANTED.  The Court further ORDERS that the Plaintiffs' remaining claims are DISMISSED, in their entirety, with prejudice.  The Court will enter final judgment separately.

SIGNED at Beaumont, Texas, this 4th day of February, 2021.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE